# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 16, 2012

Honorable John F. Keenan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  United States v. Manssor Arbabsiar
     11 Cr. 897 (JFK)

Hon. Judge Keenan:

I represent Mr. Manssor Arbabsiar.  On March 30, 2012, the government advised me that they had made "a classified ex parte submission concerning classified discovery in this case" to the Court.  Mr. Arbabsiar objects to the government's *ex parte* submission.

While I obviously do not know what the government has told the Court, I have no reason to believe that the government can meet its burden of demonstrating that its discovery fits within the narrow confines of Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 (2000).  Thus, the Court should deny the government's request to shield its discovery not only from the defendant, but even from defense counsel who has been carefully reviewed and granted security clearance by the Department of Justice.

At the least, the Court should (a) require the government to disclose its legal arguments in support of its § 4 application to cleared defense counsel, and (b) provide defense counsel an opportunity to present to the Court *ex parte* information that the Court may need in evaluating the government's § 4 application.

At this time, the Court, having only heard from one side, is unable to gauge meaningfully whether the government's *ex parte* submission contains discoverable material, or material helpful to the defense.

Honorable John F. Keenan                        April 16, 2012
United States District Judge                    Page 2

Re:  United States v. Arbabsiar
     11 Cr. 897 (JFK)


## A.   The Limits of CIPA § 4

Upon a sufficient showing that full discovery would pose a reasonable danger to national security, Section 4 of CIPA allows the government to delete, summarize, or substitute specified items of classified information before providing the discovery. *See* 18 U.S.C. App.3.  The government bears the burden of proof. It must make a sufficient showing that "there is a reasonable danger that compulsion of the evidence will expose. . . matters which, in the interest of national security, should not be divulged."  *United States v. Abu-Jihaad*, 630 F.3d 102, 141 (2d Cir. 2010).

The Second Circuit has developed a four-step test for evaluating a government application to delete or substitute information pursuant to section 4.  *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008).  The Court must resolve four questions: (1) is the information classified; (2) is the information discoverable; (3) does the "state secrets" privilege apply; and (4) is the information helpful or material to the defense.  *Id.*  Only if the government meets all four parts of this test does CIPA Section 4 apply to shield the information from discovery.  Further, in applying this test, the Court should keep in mind that CIPA does not alter established principles of discovery, or create new privileges against disclosure.  *Id.* at 78.

### 1.   Is the Information Classified?

"Classified information" is defined as "information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security."  18 U.S.C. app. 3 § 1(a).  Classification may be established by the affidavit of a government official, as long as the affidavit "adequately describes the reasons for the information's classification and

Honorable John F. Keenan                        April 16, 2012
United States District Judge                    Page 3

Re:   United States v. Arbabsiar
      11 Cr. 897 (JFK)

the harm that would result from disclosure." *United States v. Zazi*, No. 10 Cr. 60, 2011 WL 2532903, at * 3 (E.D.N.Y. June 24, 2011), *United States v. Juma Khan*, 2010 WL 330241, at *1 (S.D.N.Y. Jan. 20, 2010).

### 2.   Is the information discoverable?

If the information is indeed classified, the Court must next determine whether it is discoverable.  In this regard, CIPA does not alter the government's discovery obligations under either *Brady v. Maryland*, 373 U.S. 83 (1963), or the Federal Rules of Criminal Procedure.  *United States v. Libby*, 429 F.Supp. 2d 1, 7 (D.D.C. 2006).  CIPA does not alter the Federal Rules of Evidence, create new rights or privileges against disclosure, or otherwise place new limits on discovery.  *See, e.g.*, *Aref*, 533 F.3d at 78.  It merely applies the established rules of criminal discovery to classified information.

### 3.   Does the "State Secrets" privilege apply?

If the classified information is discoverable, the third step is deciding whether the "state secrets" privilege applies. The Court must decide if (1) exposure of the evidence would present a "reasonable danger" to national security; and (2) if the privilege has been "lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Aref*, 533 F.3d at 80.

### 4.   Is the information helpful or material to the defense?

If the "state secrets" privilege applies, the last step is to determine whether the information is helpful or material to the defense.  In other words, would the information be useful to counter the government's case or to bolster a defense?  If so, the classified material or information must be provided to the defense.  CIPA "must give way" when classified information is helpful or material to the defense. *Id.* The Court may, but need

Honorable John F. Keenan                          April 16, 2012
United States District Judge                      Page 4

Re:   United States v. Arbabsiar
      11 Cr. 897 (JFK)


not, permit the government to make appropriate deletions or
substitutions.  18 U.S.C. App. 3, § 4.

      Understandably, the threshold for finding that information
will be helpful or material to a defense is neither high nor
exacting.  CIPA's purpose -- to protect sensitive national
security information -- is narrow.  It should not impede a
defendant's right to a fair trial.  *United States v. Stewart*,
590 F.3d 93, 130 (2d Cir. 2009).

      As Judge Wood noted in *United States v. El-Hanafi*, 10 Cr.
162 (KMW), "information that is in anyway exculpatory is
obviously both material and helpful to the defense, so too is
information that, even though not exculpatory, could still serve
either to counter the government's case."  Opinion & Order at 6.
"Information can be helpful without being 'favorable' in the
*Brady* sense." *Id*.

      As an example, Judge Wood noted that evidence "discrediting
a prosecution witness" or evidence that "bolsters a defendant's
arguments, for example by serving as a prior consistent
statement corroborating a defense the accused may raise is also
material and helpful."  Finally, Judge Wood noted that even if
the evidence is such that the "government does not intend to use
in its case-in-chief," it still could be material or helpful "if
it could be used to counter the government's case or to bolster
a defense." Opinion & Order, p. 7.

      Based on the current record – which, again, I have not been
allowed to see – I submit that the government has not satisfied
this four part test in this case.  Thus, the Court should reject
the government's efforts to proceed *ex parte*.

**B.    In any event, this Court should disclose the government's
       section 4 Application to cleared defense counsel**

      Section 4 authorizes a court to conduct the entire analysis
set forth above – *ex parte*. 18 U.S.C.app.3 § 4.  That said, the

Honorable John F. Keenan                       April 16, 2012
United States District Judge                   Page 5

Re:   United States v. Arbabsiar
      11 Cr. 897 (JFK)


Court need not proceed *ex parte*.[1]  The Court is free to reject
the instant *ex parte* submission, and should do so here.

     *Ex parte* proceedings are disfavored under Rule 16 absent
exceptional circumstances.  *See* Fed.R.Crim.P. 16.  In a "sting"
case such as this one, it is unclear how the government could
make a sufficient showing of exceptional circumstances
justifying the extreme and disfavored remedy of *ex parte*
deliberation and decision by the Court.  This Court should deny
the government's attempt to have discovery issues adjudicated
without even hearing argument from cleared defense counsel.

     1.    *Ex Parte* **Proceedings Are Disfavored**

     *Ex parte* proceedings impair the integrity of the adversary
process and the criminal justice system.  Fairness can rarely be
obtained by secret, one-sided determination of facts. "Society
is best served when both the individual and the government have
the opportunity to advance their respective positions, to
correct or contradict arguments and evidence offered by the
other."  *United States v. Abuhamra*, 389 F.3d 309, 321 (2d Cir.
2004).  The Due Process Clause is best served by adversarial
proceedings.

     2.    **Disclosure to the Court is not an adequate substitute
           for disclosure to counsel**

     Mr. Arbabsiar is represented by cleared counsel.  The
background investigation of defense counsel was thorough and
rigorous and would support Top Security Clearance.  Here, the
government is arguing that sharing its § 4 submission <u>with</u>
<u>cleared counsel</u> (not Mr. Arbabsiar) in and of itself somehow

---

[1]  Some procedures must be conducted *ex parte*.  The Foreign Intelligence
Surveillance Act ("FISA") for example, mandates *ex parte* judicial review of
material including applications and orders, provided that the Attorney
General submits an affidavit swearing that an adversarial proceeding would
jeopardize national security.  *See* 50 U.S.C. § 1806(f)(2000).

Honorable John F. Keenan                         April 16, 2012
United States District Judge                     Page 6

Re:   <u>United States v. Arbabsiar</u>
      11 Cr. 897 (JFK)


endangers national security, a position that is meritless on its
face.  It is unclear how sharing information with cleared
counsel will pose a "reasonable danger" to national security,
or, moreover, what benefit to national security there is from
shielding this entire proceeding from cleared counsel.  In this
regard, cleared counsel is in the same position as the
prosecutor, the Court and its law clerks.  Each of us has been
cleared specifically for this exact purpose -- to review
sensitive classified information in cases that deal with
national security.

     Without access to the government's arguments for non-
production, Mr. Arbabsiar is left with counsel who lacks
knowledge of all the facts and evidence in the case.  Allowing
the government to proceed *ex parte* would leave Mr. Arbabsiar
unable to defend himself fully in a case that exposes him,
potentially, to life in prison.  The government seeks to ensure
that there is no one from his side participating in this
process.

     Disclosure of secret information to the Court is not
adequate to protect Mr. Arbabsiar's rights. The Court, afterall,
is not Mr. Arbabsiar's advocate; that is our job.  The Court is
the impartial arbiter and it does not yet have full knowledge of
the complex facts giving rise to this prosecution.  The Court
should not be expected to have an understanding of the facts or
knowledge of impeachment issues, the nature of government and
defense exhibits, and perhaps even the defendant's testimony.
All of this is the job of defense counsel.

     Without input from us, the Court lacks enough data to
assess the relevance or materiality of the evidence the
government seeks to avoid disclosing. Defense theories and work
product are properly secret, and would be difficult to
articulate to the Court in a manner that protected Mr.
Arbabsiar's constitutional rights.  It would be unfair to Mr.
Arbabsiar, and to the Court, to ask the latter to function as an
advocate when it has functioned as a referee for almost thirty

Honorable John F. Keenan                        April 16, 2012
United States District Judge                    Page 7

Re:   United States v. Arbabsiar
      11 Cr. 897 (JFK)


years, and must continue to do so in this case.  Given the
complexity of the charges in the Indictment, the language and
geographic diversity of the evidence and witnesses, it is
inappropriate for the Court to have to make a determination
regarding the government's motion to preclude production of
material without meaningful and substantive contribution from
defense counsel.  That cannot occur if the government's entire
application remains *ex parte*. An adversarial setting best
educates the Court and is in the interests of justice.  Without
argument from both sides, the court has no sufficient basis to
test the accuracy of the government's assertions.

**C.    At the least, the government's legal arguments in support
       of its § 4 application should be disclosed to cleared
       counsel**

       Should the Court determine a need to review the
government's § 4 submission *in camera* in whole or in part, the
Court should compel the government to disclose to cleared
defense counsel its arguments in support of non-production, and
conduct an adversarial hearing addressing those arguments. There
is no sensible reason why disclosure of the government's
arguments – as opposed to the classified material itself - would
implicate national security, especially when they could be
provided to defense counsel subject to an appropriate protective
order.

       Such practice is not inconsistent with the Second Circuit's
opinion in *Abu-Jihaad*.  While the Court in *Abu-Jihaad* noted that
"where the government moves to withhold classified information
from the defense, an adversarial hearing with defense knowledge
would defeat the very purpose of the discovery rules[,]" 630
F.3d at 142 (*citing Aref*, 533 F.3d at 81 (internal quotation
marks omitted)), the Court specifically acknowledged that trial
judges retain discretion to reject *ex parte* filings under § 4.
The Circuit characterized the defense's opposition as a proper
"challenge to the district court's exercise of *discretion* to

Honorable John F. Keenan                    April 16, 2012
United States District Judge                Page 8

Re:   United States v. Arbabsiar
      11 Cr. 897 (JFK)


proceed *ex parte*," and employed an abuse of *discretion* standard in its review of the district court's ruling.   *Id.*

In *United States v. Libby*, 429 F.Supp.2d 18 (D.D.C. 2006), *amended by* 429 F.Supp.2d 46 (D.D.C. 2006), the District Court also recognized its discretion to reject *ex parte* § 4 filings. In *Libby*, the Court established a procedure for evaluating the necessity of an *ex parte* § 4 filing, requiring that any government submission under § 4 must necessarily include a declaration or affidavit, executed by an intelligence community official with the requisite classification authority, that (1) describes the reasons for the classification of the information at issue; (2) sets forth the potential harm to national security that could result from its disclosure; and (3) explains why the defense, based upon appropriate classification guidelines, does not have a 'need-to-know the information' in its unaltered form." *Id.*, at 25.

The judge added that, "[u]pon receipt of such a filing, the Court will review it and determine whether the filing should remain *ex parte*, or whether all or some portion of it should [be] provided to the defendant." *Id.*   Other courts, see *Boston v. Obama*, 674 F.Supp.2d 9, 27 (D.D.C. 2009), have adopted the same procedure for evaluating *ex parte* submissions under § 4.

Providing cleared counsel with the government's legal arguments in support of its application (under an appropriate protective order, if necessary), at least enables defense counsel to present a meaningful argument in opposition.

**D.   Defense counsel should be permitted to make an *ex parte* presentation to the court regarding how classified material may be helpful and material to the defense**

Finally, if the §4 application is not disclosed to defense counsel, it is respectfully requested that defense counsel, in order to assist the Court in making its § 4 determinations, be permitted an *in camera* and *ex parte* opportunity to present to

Honorable John F. Keenan                          April 16, 2012
United States District Judge                       Page 9

Re:   United States v. Arbabsiar
      11 Cr. 897 (JFK)


the Court reasons why categories of potentially classified
evidence may be relevant, material, and/or helpful to the
defense in this case.  *See, e.g., Libby*, 429 F.Supp.2d at 26
(defendant submitted *ex parte* affidavit detailing its defense,
to assist the Court make its decision).

     In sum, the Court should reject the government's *ex parte*
filing, direct the government to produce full discovery or at a
minimum hold an adversarial hearing after the government's
arguments in support of proceeding *ex parte* are disclosed to the
defense.[2]

                              Respectfully submitted,


                              /s/


                              Sabrina Shroff & Edward Zas
                              Assistant Federal Defenders

SPS/gv

cc:   Glen Kopp & Edward Kim, Esq.
      Assistant United States Attorneys

      Manssor Arbabsiar, MCC

---

[2] At the very least, the Court should direct the government to create a
redacted and unclassified version of its *ex parte* submission for consumption
by defense counsel and the public.